JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., <br><br>            Plaintiff, <br><br>   vs. <br><br>MEDIA SOLUTIONS HOLDINGS, LLC; LAPTOPS FOR LESS, LLC; and EREPLACEMENTS, LLC, <br><br>           Defendants. | CASE NO. SACV09-01364 CJC (RNBx) <br><br>[PROPOSED] JUDGMENT |

JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

1. Judgment is entered in favor of Apple Inc. ("Apple") and against Defendants Media Solutions Holdings, LLC ("MSH"); eReplacements, LLC ("ER"); and Laptops For Less, LLC ("LFL") (collectively "Defendants").

2. This Court has jurisdiction over the Defendants and the subject matter of this action and Judgment.

3. Defendants, the Former ER, the Former LFL, and each of their predecessors, successors, assigns, Affiliates, members, officers, managers, agents, servants, employees, representatives, and all other Persons in active concert or participation with any of them shall refrain from and are permanently enjoined from:

    (a) manufacturing, importing, distributing, shipping, advertising, marketing, using, selling, or offering for sale any products that are substantially the same in overall appearance to the design claimed in U.S. Patent No. D478,310 (the "'310 Patent") (attached as Exhibit 1), including, but not limited to, 85 Watt power adapters identified as Part Nos. A1172, A1172ER, or A1172-ER; 60 Watt power adapters identified as Part Nos. A1184, A1184ER, or A1184-ER; 45 Watt power adapters identified as Part Nos. A1244, A1244ER, or A1244-ER; or any colorable imitations of these products;

    (b) manufacturing, importing, distributing, shipping, advertising, marketing, using, selling, or offering for sale any products that are similar to or likely to cause confusion with the trade dress for Apple's power adapters;

    (c) using a photograph or image of a genuine Apple product on any advertisement, website, or product packaging to represent or illustrate the product that is being advertised, marketed, or sold, when such product is not manufactured by Apple;

    (d) using the name or trademark APPLE, , MAGSAFE, MACBOOK, or any other name or mark owned by Apple, or any variants thereof,

in a manner which indicates or suggests that a business, website, product, or service is in any way associated or affiliated with, authorized, sponsored, or approved by Apple, such as by way of example "Apple Macbook AC Adapter"; Defendants shall not be prohibited from advertising or marketing a particular product as "compatible with" a particular genuine Apple product, if such statement is true, and the statement complies with the principles of referential fair use and does not otherwise create a sense of endorsement, sponsorship, or false association with Apple or Apple products or services;

(e) registering, owning, selling, transferring, or assigning any domain name containing any name or mark owned by Apple, or any name or mark confusingly similar thereto, unless such activities comply with principles of referential fair use or such sale, transfer, or assignment is made to Apple; and

(f) purchasing or using any name or mark owned by Apple or any variants thereof (1) as keyword search terms to generate sponsored links, unless such purchase or use complies with principles of referential fair use, or (2) as a hidden link or hidden text on any website.

4. All terms defined in this Judgment shall be so defined when used anywhere in this Judgment. Additionally, as used in this Judgment, the following capitalized terms shall have the meanings set forth below:

(g) "Person" means any individual, partnership, association, corporation, limited liability company, trust, or any other form of legal entity.

(h) "Affiliate" means any Person that now or in the future Controls, is Controlled by, or is under common Control with any of the Defendants, the Former ER, or the Former LFL.

(i) "Control" means, with respect to any Person, the ability to control, manage, direct or otherwise materially influence the management, direction, operations or policies of such Person, whether by ownership of voting securities, by contract or otherwise. Without limiting the generality of the

foregoing sentence, a Person shall be deemed to Control a limited liability company if (a) such Person and its Affiliates directly or indirectly beneficially own more than 33% of the right (whether through the ownership of equity interests in such limited liability company or otherwise) to distributions from such limited liability company; or (b) such Person or any of its Affiliates (i) is a managing member or manager of such limited liability company, (ii) directly or indirectly Controls any managing member or manager of such limited liability company, or (iii) otherwise has the right (whether through the ownership of equity interests in such limited liability company or otherwise) directly or indirectly to elect, appoint or otherwise designate any managing member or manager of such limited liability company. If any Person acts in concert with one or more other Persons, each such Person shall be treated as an Affiliate of each other when applying the criteria in the immediately preceding sentence;

  (j) "Former ER" means the limited liability company whose assets were sold to ER in March 2009;

  (k) "Former LFL" means the limited liability company whose assets were sold to LFL in March 2009.

 5. The parties waive any right to appeal this Judgment.

 6. The Court will retain continuing jurisdiction for purposes of interpreting and enforcing this Judgment.

 7. The Parties shall each bear their own fees and costs in this Action.

 8. The Clerk shall enter this Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED: January 15, 2010

          CORMAC J. CARNEY
          United States District Judge